AUG 19 '25 PM 2:36
RCV'D - USDC FLO SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL LEE DRAKE,<br>Plaintiff,<br>v.<br>EQUIFAX INFORMATION SERVICES, LLC.,<br>Defendant. | )<br>)<br>)<br>) CASE NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff and for his Complaint against Defendant, alleges as follows:

### I.      INTRODUCTION

1. This action arises from violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), committed by Equifax Information Services, LLC. ("Equifax"), concerning the mishandling of Plaintiff's consumer credit information

### II.     JURISDICTION AND VENUE

1

2. This Court has personal jurisdiction over Defendant Equifax because it regularly conducts business in the State of South Carolina , including furnishing consumer credit reports to individuals and entities within this state.

3. Venue is proper in Darlington County, South Carolina because the Defendant regularly and systematically conducts business in Darlington County.

### III.  PARTIES

4. Plaintiff is a natural person residing in Darlington County, South Carolina.

5. Plaintiff is a consumer as defined by 15 USC 1681a(c).

6. Equifax is a Georgia corporation with a primary business address in Atlanta, GA 30309.

7. Equifax is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.

8. Equifax as a CRA is aware of its obligations under the FCRA.

### IV.  FACTUAL ALLEGATIONS

## July 2025 Consumer Disclosure

9. On or about July 8th, 2025, Plaintiff requested a copy of his consumer credit disclosure from Equifax. *See Exhibit A*

10. Pursuant to 15 USC 1681g(a), upon receipt of Plaintiff's request, Equifax was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of his request, with the limited exception that his Social Security Number could be truncated upon request.

11. Equifax provided an electronic copy of Plaintiff's consumer disclosure via annualcreditreport.com.

## Incomplete Account Numbers, Incomplete Account Information, and Incomplete Payment History

12. Equifax omitted the full account numbers, missing account information and payment history relating to the Truist Bank Tradelines (2) JPMCB card services Tradelines (3) USAA federal savings bank Tradeline (2) Carmax auto finance (1) Bank of America (1) Apple card GS bank usa Tradeline (1) Servicing solutions LLC (1) All In Credit Union (1) and other Tradelines making matters worse and even more confusing to the Plaintiff.

13. Upon information and belief, the data furnisher reported the full account numbers, missing account information, and payment history belonging to their respective accounts to Equifax.

14. This information was contained within Equifax's file regarding Plaintiff at the time of his request.

15. When Equifax produces and sells reports regarding Plaintiff to third parties, the full account numbers, missing account information, and payment history are included in their reports.

16. Equifax demonstrates their ability to comply with 15 USC 1681g(a) when it reports the information to third parties accurately and completely.

17. Equifax breached its duty to Plaintiff having to disclose ALL of the information regarding the Plaintiff accounts by failing to provide the account numbers, missing account information, and payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in his file.

18. Without access to this information, a consumer is left either trying to piece things together like a detective or blindly guessing whether their report is accurate.

19. Upon information and belief, the data furnishers referenced above reported full account numbers, incomplete account details, and payment histories to Equifax, and this information was part of Equifax's file on Plaintiff at the time he requested his consumer disclosure.

20. Due to widespread systemic issues, Equifax's automated systems routinely omit all but the last two or four digits of account numbers reported by data furnishers.

21. Equifax is aware of this issue but has failed to take any meaningful steps to correct it.

22. Equifax's failure to disclose full account numbers violates the FCRA's mandate that a consumer reporting agency clearly and accurately disclose all information contained in a consumer's file. See *Washington v. Equifax Info. Servs. LLC*, No. 3:19-cv-00154, 2019 WL 2492006, at *4 (M.D. Tenn. June 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

23. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of

whether the plaintiff would have acted on the received information. Therefore, Article III requirement of injury-in-fact [was] satisfied.

24. The lack of accurate and complete account numbers caused Ms. White significant frustration and emotional distress as she attempted to understand her credit report and reconcile it with her own records.

25. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000, "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear'_ disclosure of all information "in the file". *See Exhibit B.*

26. Equifax's omission the full account numbers severely hinders a consumer's ability to comprehend their credit disclosure, identify the accounts, and accurately match them to their personal records.

27. Upon information and belief, Equifax disclosure to Plaintiff was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

28. Upon information and belief, this same template is used virtually every time a consumer requests their file from Equifax through www.annualcreditreport.com.

29. Upon information and belief www.annualcreditreport.com is the location where majority of consumers obtain their Equifax credit disclosure.

30. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number, missing account information and incomplete payment history.

31. Thus, every consumer with accounts appearing with incomplete information in their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began received an incomplete consumer disclosure with the same errors as Plaintiff.

32. Equifax's errors has therefore likely affected thousands of consumers.

33. Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected.

34. Equifax's knowing and repeated conduct warrants an award of punitive damages.

35. Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

36. Plaintiff has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j

37. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived him of this right.

### V.   CLAIMS FOR RELIEF
### COUNT I
### VIOLATIONS OF THE FCRA

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein

39. Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff request for his consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a Consumer, all of the information in his file at the time of the request. Specifically, Equifax disclosed twelve (12) accounts reported without disclosing the full account number, missing account information and payment history or twelve (12) accounts also without the full account numbers, missing account information and payment history even though full account numbers, missing account information and payment history were reported by the data furnishers.

40. Equifax knowingly provided inaccurate and incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

41. Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus costs.

42. Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for his actual damages, plus costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Honorable Court enter judgment against Equifax for:

a. The greater of statutory damages of $1,000 per incident and Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that this Court deems just and proper.

Respectfully submitted on August 19th, 2025, by:

/s/Michael Lee Drake
**Michael Lee Drake**
3803 Rose Dr.
Florence SC, 29501
Michael.L.Drake1@gmail.com
(843) 616-7811

## ATTACHED EXHIBIT LIST
A. Plaintiff's Equifax Consumer Disclosure, July 2025
B. FTC Opinion Letter
C. Plaintiff's Letter Showing Incomplete Data From Exhibit A